IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

LUCIANO MARTINEZ-FIGUEROA, )
)
         Movant, )
)
v. )   Case No. 06-05080-CV-S-RED
)
UNITED STATES OF AMERICA, )
)
         Respondent. )

## ORDER

Now before the Court are the Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 1-1) and Government's Response to Movant's § 2255 Motion (Doc. 3).

### A. Factual and Procedural History

Movant Martinez-Figueroa ("Martinez-Figueroa") was convicted on January 16, 2003, of one count of conspiracy to distribute marijuana and one count of possession of marijuana with intent to distribute. Martinez-Figueroa testified at his trial, denying he had any knowledge of the marijuana found in the truck he was driving. At sentencing, the Government argued for, and the Court granted, a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice.

Martinez-Figueroa appealed his conviction and sentence, and the Eighth Circuit affirmed this Court's decision. *United States v. Martinez-Figueroa*, 363 F.3d 679 (8th Cir. 2004). Following the U.S. Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), Martinez-Figueroa petitioned the U.S. Supreme Court for a writ of certiorari, which the U.S. Supreme Court granted. The U.S. Supreme Court vacated the judgment of the Eighth Circuit and remanded the case for further consideration in light of *United States v. Booker*, 543 U.S. 220

(2005). On remand, the Eighth Circuit again affirmed this Court's decision. *United States v. Martinez-Figueroa*, 435 F.3d 868 (8th Cir. 2006).

Martinez-Figueroa now petitions this Court under 28 U.S.C. § 2255 for post-conviction relief. He states two grounds for vacating his sentence. First, Martinez-Figueroa argues this Court abused its discretion by applying a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. Further, he asserts his counsel was unconstitutionally ineffective for failing to brief a preserved issue on direct appeal to the Eighth Circuit and for failing to amend his appellate brief following the U.S. Supreme Court remand of his case.

B. Analysis

Martinez-Figueroa's assertion that this Court abused its discretion by granting the two-level enhancement was not raised as an issue on direct appeal. Typically, a claim that was not raised on direct appeal cannot be properly brought under § 2255. *United States v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000). However, "relief under 28 U.S.C. § 2255 is available to correct errors that could have been raised at trial or on direct appeal if the petitioner shows cause for the default and resulting prejudice." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992)). One method by which Martinez-Figueroa could show default and resulting prejudice is by raising an independent ineffective counsel argument, as he has done here. *See Perales*, 212 F.3d at 1111. In this case, Martinez-Figueroa argues his counsel was ineffective for failing to raise the enhancement issue on direct appeal and for failing to amend his appellate brief following the U.S. Supreme Court's remand of his action.

To establish an ineffective assistance of counsel claim, Martinez-Figueroa must prove

that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced Martinez-Figueroa as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984). The Court presumes counsel's conduct falls within the range of reasonable professional conduct. *Id.* at 688-89. To satisfy a showing of deficiency, a defendant must show that counsel failed to exercise the skills and diligence a reasonably competent attorney would have exhibited given the circumstances. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994). To establish prejudiced performance, a defendant must show that there is a reasonable probability, but for counsel's unreasonable professional errors, the result of the proceeding would have been different. *See id.* As discussed above, because a movant must show "resulting prejudice" in order to obtain relief under § 2255, the Court need not address the issue of reasonableness if Martinez-Figueroa cannot prove actual prejudice. *See id.*

Here, Martinez-Figueroa has failed to establish there is a reasonable probability that the outcome of his case would have been different but for his counsel's ineffectiveness. To support his assertion his counsel was ineffective for failing to raise the two-level enhancement for obstruction of justice on direct appeal, Martinez-Figueroa cites to *Neary v. United States*, 998 F.2d 563 (8th Cir. 1993). In *Neary*, the defendant had been given the two-level obstruction of justice enhancement for alleged material falsehoods provided to the probation officer during the course of the presentence investigation. *Id.* at 566. The Eighth Circuit concluded that Neary's uncooperative behavior during the presentence investigation did not rise to the level of material falsehoods, thus precluding any finding of obstruction of justice. *Id.* Here, however, this Court explicitly stated at the sentencing hearing that Martinez-Figueroa's testimony at trial and

3

subsequent conviction were sufficient to support a finding of obstruction of justice.  Given the Eighth Circuit precedent supporting this Court's sentencing decision at the time of the direct appeal, *see, e.g.*, *United States v. Ogbeifun*, 949 F.2d 1013 (8th Cir. 1991); *United States v. Willis*, 940 F.2d 1136 (8th Cir. 1991), Martinez-Figueroa has failed to show how his sentence may have been different had his counsel raised the enhancement issue on appeal.

As to the assertion his counsel was ineffective for failing to amend his appellate brief upon remand, again Martinez-Figueroa has failed to show there is a reasonable probability the outcome would have been different had his counsel filed the amended brief.  The U.S. Supreme Court specifically directed the Eighth Circuit on remand to consider Martinez-Figueroa's case in light of the *Booker* decision.  In its decision on remand, the Eighth Circuit addressed *Booker* and found that Martinez-Figueroa had failed to show that he would have received a more favorable sentence absent this Court's mandatory application of the Sentencing Guidelines.  *See Martinez-Figueroa*, 435 F.3d at 869.  Martinez-Figueroa has thus failed to show how his counsel's amendment of the appellate brief to raise *Booker* issues would have changed the Eighth Circuit's decision.

Because Martinez-Figueroa is unable to show there is a reasonable probability that, but for his counsel's alleged oversights, the outcome of his case would have been different, he has failed to demonstrate ineffective assistance of counsel.  Consequently, Martinez-Figueroa is barred from using § 2255 to raise the argument this Court abused its discretion in the application of the two-level enhancement at his sentencing.

## C. Conclusion

In light of the foregoing discussion, Movant's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 1-1) is hereby **DENIED**.

**IT IS SO ORDERED.**

DATE: October 10, 2006  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT